**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew B. Spain (Pro Se), ) | No. CV 06-0712-PHX-ROS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| The Eagleburger Law Group, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

On November 7, 2006, the Court granted Defendant's Motion to Dismiss. (Doc. #92) Now pending before the Court is Plaintiff's Motion to Vacate the Court's dismissal order. (Doc. #94) For the following reasons, the motion will be denied.

A *pro se* litigant "must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.3d 565, 567 (9th Cir. 1987). The Court has already entered a judgment of dismissal of Plaintiff's action. Plaintiff's original complaint was dismissed without prejudice, leaving him two options if he wished to pursue his case. Plaintiff could either challenge the dismissal in a motion filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure or he could file a new action. Plaintiff chose to challenge the order of dismissal by filing a motion to reopen his case.

In his Motion to Vacate, Plaintiff seeks relief under Rule 60(b)(4), requesting the Court to vacate the dismissal order because it is void. Plaintiff argues that the judgment is

1 void because this Court lacked jurisdiction, either personal or subject matter, over the case.
2 Despite citing a number of authorities that state that any judgment rendered by a court
3 without jurisdiction is void, Plaintiff does not explain how this Court lacks jurisdiction to
4 hear the present case.
5     Accordingly,
6     **IT IS ORDERED** that Plaintiff's Motion to Vacate (Doc. #94) is **DENIED**.

8     DATED this 29th day of November, 2006.

_____
Roslyn O. Silver
United States District Judge